Return Date: June 28th, 2016
Time: 1:25 P.M.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IN RE:

**JAMES  SHARP,**

                         Debtor(s)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Chapter 13
Case No. 16-30001  CGM

**NOTICE OF MOTION**

      **PLEASE TAKE NOTICE**, that upon the annexed application of Jeffrey L. Sapir

the Chapter 13 Trustee herein, a motion will be made before the Hon. Cecelia G. Morris, United

States Bankruptcy Judge, at the United States Courthouse, located at 355 Main  Street,

Poughkeepsie, New York, on the 28th day of  June,  2016 at 1:25 P.M. for an order dismissing

the Chapter 13 case  <u>with prejudice for one (1) year</u>  pursuant to 11 U.S.C. §1307(c )(1), (c ) (4)

and  (c )(9); §521(i) and §521(e)(2)(A)(i) and (2)(B);  on the ground that there has been

unreasonable delay by the debtor that is prejudicial to creditors, in that the debtor has  failed to

file with this Court, in part, copies of all payment advices or evidence of other payments received

within 60 days; failed to provide copies of federal and state  tax returns for the most recent years

preceding the commencement of the bankruptcy proceeding; failed to remit timely plan

payments; failed to appear and be examined at a §341(a) meeting of creditors; and the debtor

having filed three prior petitions with this Court; and further, for a review of attorney's fees

pursuant to 11 U.S.C. §330; and for such other and further relief as this Court deems just and

proper.

      **PLEASE TAKE FURTHER NOTICE,** that answering papers, if any, are to be

served on the undersigned and filed with the Court no later than three (3) days prior to the return

date of this motion, and (a) must comply with the Bankruptcy Court's electronic filing system in

accordance with General Order M-242 and Supplemental General Order M-269.

Dated: White Plains, New York
      June 10th, 2016

                                        /s/ Jeffrey L. Sapir
                                        **Jeffrey L. Sapir, Esq. (JLS 0938)**
                                        **Chapter 13 Trustee**
                                        **399 Knollwood Road**
                                        **White Plains, New York 10603**
                                        **Chapter 13 Tel. No. 914-328-6333**

TO:     United States Trustee
          74 Chapel Street
          Albany, New York 12207

          James Sharp
          50 Townsend Farm Road
          Lagrangeville, New York 12540

          Daren A. Webber, Esq.
          134 West Main Street # 2
          Goshen, New York 10924

          NYS Department of Taxation & Finance
          Bankruptcy Section
          P.O. Box 5300
          Albany, New York 12205

          Internal Revenue Service
          P.O. Box 7346
          Philadelphia, Pennsylvania 19101-7346

          Citizens Bank, NA
          c/o Harris Beach PLLC
          Att'n: Kevin Tompsett, Esq.
          99 Garnsey Road
          Pittsford, New York 14534

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE:

                                     Chapter 13
                                     Case No. 16-30001  CGM

**JAMES  SHARP,**

                                     **APPLICATION**

                     Debtor(s)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**TO THE HON. CECELIA G. MORRIS, BANKRUPTCY JUDGE:**

1.         The debtor  filed the instant voluntary Chapter 13 proceeding on April 11th, 2016 which case was transferred intradistrict from Manhattan to Poughkeepsie on April 15, 2016.

2.         The debtor failed to comply with the provisions of 11 U.S.C. §1307(c)(1) and (c)(4).

3.         The debtor is in violation of  11 U.S.C.§521(i) of the Bankruptcy Code which requires the debtor to file, in part, copies of all payment advices or evidence of other payments received  within 60 days.

4.         The debtor is in violation of §521(e)(2)(A)(i) of the Bankruptcy Code which requires the debtor to provide *seven (7) days prior to the §341(a) meeting of creditors ,*copies of federal and state tax returns for the most recent years preceding the commencement of the case, to wit, 2014 and 2015.

5.         The debtor has failed to remit timely plan payments to the trustee, having remitted -0- payments, and being, at this juncture, one month in arrears with a further payment becoming due on June 11th, 2016.

6.         The debtor failed to appear and be examined at the initial §341(a) meeting of creditors and adjourned meeting thereof.  Counsel appeared on both occasions.

7.    There is no automatic stay in the instant proceeding.

8.    The debtor has filed three prior petitions and has never appeared at a §341(a)

meeting. All prior cases were voluntarily withdrawn.  No plan payments were ever remitted to

the trustee on any of the prior cases.

9.    The facts in detail of the three prior petitions and the instant petition are as

follows:

a.    Case No. 14-36209 CGM
   i.  Debtor filed a voluntary petition under Chapter 13 on June 11, 2014.
   ii.  Petition and schedules were filed.
   iii.  Counsel was paid the sum of $4,500.00 as a retainer,
   iv.  The 2016(b) statement stated that the fee included filing of the petition, schedules and plan.
   v.  The schedules were incomplete and no plan was filed.
   vi.  Debtor did not appear at the §341(a) meeting of creditors scheduled for July 9, 2014 and same was adjourned to August 19, 2014.
   vii.  Debtor made no payments to the trustee.
   vii.  The case was voluntarily dismissed on July 15, 2014.

b.    Case No. 15-35405 CGM
   i.  Debtor filed a voluntary petition under Chapter 13 o n March 6, 2015.
   ii.  Petition and schedules were filed as well as a chapter 13 plan.
   iii.  Counsel was paid $5,500.00 as a retainer.
   iv.  The 2016(b) statement stated that counsel would give the debtor financial advice, filed the petition, schedules, plan and attend the §341(a) meeting of creditors.
   v.  The §341(a) meeting was held on April 1, 2015 and the debtor failed to appear. The meeting was adjourned to April 15, 2015.
   vi.  The debtor remitted no plan payments to the trustee.
   vii.  On April 15, 2015, the debtor filed a voluntary  application to dismiss his case and an order was signed on April 17, 2015.

c.    Case No. 15-37137 CGM
   i.  Debtor filed a voluntary petition under Chapter 13 on November 20, 2015.
   ii.  Petition and schedules were filed basically copying the two previous filings/
   iii.  No plan was filed.
   iv.  Counsel was paid $5,500.00 as a retainer.
   v.  The 2016(b) statement was the same as previously filed.
   vi.  Neither the debtor not counsel appeared at the §341(a) meeting scheduled for December 23, 2015 and the meeting was adjourned to January 20, 2016.
   vii.  On January 20, 2016, the debtor fled a voluntary withdrawal of his case.

d.      The instant Case No. 16-30001 CGM

      i.   Within 90 days of the dismissal of the prior case, the debtor filed a voluntary petition under Chapter 13 on April 11, 2016 listing a residence in New York City and a mailing address in Lagrangeville, New York.  This case was filed in New York City.

      ii.  The petition and schedules were filed being almost an exact copy of ht previously filed paperwork.

      iii.  No plan was filed at the initial filing.

      iv. Counsel was paid $3,000.00 as a retainer fee.

      v.  The retainer stated the same as the previous filings.

      vi.  The venue was transferred from Manhattan to Poughkeepsie

10.     To date counsel has been paid the total sum of $18,500.00 for the four cases.

11.     Unreasonable delay has been created that is prejudicial to creditors.

12.     The debtor having failed to comply with the abovementioned sections of the Bankruptcy Code, this Chapter 13 case should be dismissed with prejudice for one (1) year pursuant to 11 U.S.C.§1307(c )(1), (c )(4), (c )(9), §521(i) and §521(e)(2)(A)(i) and (2)(B); and for a review of  attorney's fees pursuant to 11 U.S.C. §330; and for such other and further relief as this Court may deem just and proper.

Dated: White Plains, New York
      June 10^(th),  2016

      /s/ Jeffrey L. Sapir
      **Jeffrey L. Sapir**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IN RE:                                          Chapter 13
                                                Case No. 16-30001 CGM
**JAMES SHARP,**


                                  Debtor(s)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


## AFFIDAVIT OF MAILING

STATE OF NEW YORK              )
COUNTY OF WESTCHESTER          )  ss.:

      Lois Rosemarie Esposito, being duly sworn, deposes and says:

      I am not a party to the action herein, I am over the age of 18 years and reside in

the County of Westchester, State of New York.

      On June 10th, 2016 I served a true copy of the within document, to the herein

listed parties at the address(es) designated for that purpose, by mailing same in a properly sealed

envelope with postage prepaid thereon, in an official depository of the United States Postal

Service within the State of New York to the following:

**TO**:    United States Trustee
        74 Chapel Street
        Albany, New York 12207

        James Sharp
        50 Townsend Farm Road
        Lagrangeville, New York 12540

        Daren A. Webber, Esq.
        134 West Main Street # 2
        Goshen, New York 10924

NYS Department of Taxation & Finance
Bankruptcy Section
P.O. Box 5300
Albany, New York 12205

Internal Revenue Service
P.O. Box 7346
Philadelphia, Pennsylvania 19101-7346

Citizens Bank, NA
c/o Harris Beach PLLC
Att'n: Kevin Tompsett, Esq.
99 Garnsey Road
Pittsford, New York 14534

/s/ Lois Rosemarie Esposito
Lois Rosemarie Esposito

Sworn to before me this
10th day of June, 2016

/s/ Jeffrey L. Sapir
Jeffrey L. Sapir
Notary Public, State of New York
No. 02SA8764500
Qualified in Rockland County
Term Expires: 12/31/18