| UNITED STATES BANKRUPTCY COURT | HEARING DATE: November 29, 2016 |
| SOUTHERN DISTRICT OF NEW YORK | HEARING TIME: 9:00 a.m. |
| POUGHKEEPSIE DIVISION | |

------------------------------------------------------- x
In re:                                                  :
                                                        : Case No. 16-30001 (CGM)
JAMES W. SHARP,                                         :
                                                        : (Chapter 7)
                                    Debtor.             :
------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE UNDER 11 U.S.C. § 707(a), WITH PREJUDICE TO FILING ANY BANKRUPTCY CASES UNDER ANY CHAPTER FOR ONE YEAR UNDER 11 U.S.C. §§ 105(a) AND 349(a)**

**To:** The Honorable Cecelia G. Morris
      Chief United States Bankruptcy Judge

William K. Harrington, United States Trustee for Region 2 (the United States Trustee") hereby files his Memorandum of Law in Support of his Motion to Dismiss Case under 11 U.S.C. § 707(a), with Prejudice to Filing Any Bankruptcy Cases under Any Chapter for One Year under 11 U.S.C. §§ 105(a) and 349(1) (the "Motion"). In support of the Motion, the United States Trustee respectfully represents and alleges as follows:

**I.     INTRODUCTION**

The Debtor is a bad faith serial filer who filed 4 cases in 22 months without a legitimate purpose. There is cause to dismiss the Debtor's case under 11 U.S.C. § 707(a) on at least 2 grounds. First, the Debtor failed to attend the initial and 2 adjourned Section 341(a) meetings, which has prevented the chapter 7 trustee from administering the estate. In addition, the Debtor acted in bad faith by filing serial cases, with no intent to reorganize, solely to stay a foreclosure sale of his former residence, failing to make candid and full disclosure of his assets and liabilities, failing to confirm chapter 13 plans even though he has substantial resources to pay his debts, and failing to make payments to creditors. The Debtor's bad faith serial filings also

1

warrant dismissal of the case with prejudice to filing bankruptcy under any chapter for 1 year. The United States Trustee, therefore, requests that the Court dismiss the Debtor's case with prejudice for 1 year.

## II.     FACTS

### A.     The Current Case

On April 11, 2016 (the "Petition Date"), the Debtor filed the above-captioned case as a case under chapter 13 (the "Current Case"). 2016 Docket, Exhibit 1 to the Declaration of Alicia M. Leonhard (the "Leonhard Declaration"). The Debtor filed required documents but did not appear for the chapter 13 Section 341(a) meeting held on May 11, 2016 and the chapter 13 trustee adjourned the meeting to June 8, 2016. ECF Doc. No. 20. On June 10, 2016, the chapter 13 trustee filed a motion to dismiss with a one-year bar to refiling for unreasonable delay that is prejudicial to creditors, based on the Debtor's failure to provide pay advices and tax returns, make plan payments, and appear for chapter 13 Section 341(a) meetings, and the dismissal of three prior cases on similar grounds (the "Chapter 13 Trustee's Motion"). ECF Doc. No. 24, ¶¶ 1-8. On June 21, 2016, the Debtor filed his own Motion to Dismiss. After a hearing on the Chapter 13 Trustee's Motion held on June 28, 2016, the Court entered an order converting the case to a case under chapter 7 on July 15, 2016, and the United States Trustee appointed Mark Tulis as interim trustee. ECF Doc. No. 34.

On July 24, 2016, the Debtor filed a Second Amended Statement of Intention, Amended Schedules A through J, and a Chapter 7 Statement of Current Monthly Income and Chapter 7 Means Test Calculation. ECF Doc. Nos. 42-45. However, the Debtor failed to attend chapter 7 Section 341(a) meetings held on August 19, 2016, September 22, 2016, and October 13, 2016,

which made it impossible for the chapter 7 trustee to administer the bankruptcy estate. Declaration of Mark Tulis.

### 1. Assets and Liabilities

The Debtor scheduled a single family home located at 50 Townsend Farm Road, Lagrangeville, New York (the "Property"), with a value of $650,000.00. Amended Schedule A/B, Question 1.1, Exhibit 2 to the Leonhard Declaration. The Debtor claims ownership of the Property with his non-filing spouse as tenants by the entirety but states that the Property is the "[f]ormer primary residence of debtor primary residence of spouse." *Id*. He scheduled personal property with an aggregate value of $203,242.00, including a $150,000.00 retirement account and a 2015 Honda valued at $22,442.00. *Id*., Questions 3 and 21.

The Debtor scheduled a purchase money security interest in the Honda in the amount of $20,000.00. Amended Schedule D, Exhibit 3 to the Leonhard Decl. Secured claims encumbering the Property total $599,407.23. *Id*. The Property is encumbered by an IRS tax lien of $128,428.59, a State of New York tax lien of $46,261.30, and first and second mortgages held by RBS Citizens Bank ("Citizens") in the respective amounts of $269,901.89 and $154,815.54. *Id*. In his Second Amended Statement of Intention, the Debtor states that he intends to retain the Property and negotiate settlements with the IRS and State of New York. Second Amended Statement of Intention, Exhibit 4. As to the Property, he states that "other seeking modification or [s]urrender." *Id*.

In his Statement of Financial Affairs, the Debtor affirmatively stated that he was not a party to any lawsuits and that none of his property was foreclosed in the year prior to filing. Statement of Financial Affairs, Questions 9 and 10, Exhibit 5. On September 26, 2016, Citizens filed a Motion for Relief from Stay (the "Relief from Stay Motion") to conduct a foreclosure sale

3

of the Property. ECF Doc. No. 55. The Debtor filed a Letter of No Opposition to the Relief from Stay Motion on September 27, 2016. ECF Doc. No. 57. A hearing on the Relief from Stay Motion is scheduled for October 27, 2016.

In the Relief from Stay Motion, Citizens stated that it commenced a foreclosure action as to the Property in 2012 and that the court entered a foreclosure judgment on January 17, 2014. Relief from Stay Motion, ¶¶ 9 and 10. Citizens also stated that "the foreclosure sale in the Foreclosure Action has been stayed by multiple bankruptcy filings by the Debtor." *Id.*, ¶ 11.

The Debt lists priority unsecured claims for federal and state income taxes totaling $307,936.84. Amended Schedule E/F, Questions 2.1 and 2.2, Exhibit 3 to the Leonhard Declaration. He scheduled general unsecured claims totaling $4,143.64, all of which is income tax debt owed to the IRS or the State of New York. *Id.*, Question 4.1 and 4.2.

2. **Income and Expenses**

The Debtor is a medical doctor who has worked at Bio Reference Laboratories for eleven years. Amended Schedule I, Exhibit 6 to the Leonhard Declaration. His gross monthly salary is $14,583.32, and after deductions for taxes and health insurance, his monthly take-home pay is $10,640.18. *Id.* He also claims to receive income of $3,333.33, from the operation of a business, which brings his total monthly income to $13,973.51. *Id.* The source of this business income is unclear because the Debtor did not list any business interests on Schedule A/B or in his Statement of Financial Affairs. Exhibits 2 and 5. The Debtor's monthly expenses total $10,726.59, and his net monthly income is $3,246.92. Amended Schedule J, Exhibit 6.

B.     The Prior Cases

1.     Case No. 14-36209 (CGM) (Chapter 13)

On June 11, 2014, the Debtor filed his first chapter 13 case (the "June 2014 Case"). Docket, ECF Doc. No. 1, Exhibit 7 to the Leonhard Declaration. The Debtor filed Schedules A through H, but he omitted Schedules I and J, the Statement of Financial Affairs, the Chapter 13 Statement of Monthly Income and Calculation of Commitment Period and Disposable Income, and chapter 13 plan. ECF Doc. No. 1. The Debtor did not list any IRS or state tax liens on Schedules D or E, but he scheduled the IRS as a general unsecured creditor with a claim of $5,000.00. Schedules D, E, and F, Exhibit 8 to the Leonhard Declaration.

The Debtor did not appear for the initial Section 341(a) meeting held on July 9, 2014, and the Chapter 13 Trustee adjourned the meeting to August 20, 2015. ECF Doc. Nos. 5 and 10. On July 13, 2014, the Debtor filed a motion to voluntarily dismiss the case. ECF Doc. No. 11. The Court granted the motion to dismiss on July 15, 2016 and closed the case on November 24, 2015. ECF Doc. No. 12.

2.     Case No. 15-35405 (Chapter 13)

On March 6, 2015, the Debtor filed a second chapter 13 case (the "March 2015 Case") in this Court. Docket, ECF Doc. No. 1, Exhibit 9 to the Leonhard Declaration. On the date of filing, the Debtor filed required documents except for a chapter 13 plan, which he subsequently filed on March 10, 2014. ECF Doc. Nos. 1 and 6. On Schedule B, the Debtor disclosed that he owns 100 percent of the stock in JWS Info. Corp. which generated monthly net income of $9,250.00. Schedules B and I, Exhibits 10 and 11 to the Leonhard Declaration. In his Statement of Financial Affairs, the Debtor disclosed that a foreclosure sale of the Property was pending in a foreclosure action filed by Citizens. Statement of Financial Affairs, Question 4, Exhibit 12. He

also disclosed an IRS tax lien on the Property on account of $117,081.31 in income tax liability. Schedule D, Exhibit 13 to the Leonhard Declaration.

The Debtor did not appear for the initial Section 341(a) meeting held on April 1, 2015 and the Chapter 13 Trustee adjourned the meeting to April 15, 2015. ECF Doc. No. 9. On April 15, 2015, the Debtor filed a motion to dismiss the case. ECF Doc. No. 10. The Court granted the motion on April 17, 2015 and closed the case on May 21, 2015. ECF Doc. No. 11.

### 3. Case No. 15-37137 (Chapter 13)

On November 2015, the Debtor filed his third chapter 13 case in seventeen months (the "November 2015 Case"). Docket, ECF Doc. No. 1, Exhibit 14 to the Leonhard Declaration. The Debtor filed his Schedules and Statement of Financial Affairs but he did not file a chapter 13 plan with the petition or any time thereafter. *Id.* The Debtor did not disclose any IRS tax liens encumbering the Property. Schedule D, Exhibit 15 to the Leonhard Declaration. Instead, he listed an IRS priority claim of $80,000.00 and an IRS general unsecured claim of $28,586.75. Schedules E and F, Exhibit 15. He also disclosed that a foreclosure sale of the Property was pending. Statement of Financial Affairs, Question 4, Exhibit 17 to the Leonhard Declaration.

The Debtor did not appear for the initial Section 341(a) meeting held on December 23, 2015 and the Trustee adjourned the meeting to January 20, 2016. ECF Doc. No. 9. On January 14, 2016, the Debtor filed a motion to dismiss the case. ECF Doc. No. 12. The Court granted the motion on January 21, 2016 and closed the case on February 19, 2016. ECF Doc. No. 14.

## III. ARGUMENT

### A. There is Cause to Dismiss the Case under 11 U.S.C. § 707(a).

Under Section 707(a),

> (a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including –
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors[.]

11 U.S.C. § 707(a)(1).

Cause is not defined in the Bankruptcy Code and the examples set forth in Section 707(a) "which follow the word 'including,' are illustrative, not exclusive." *In re Murray*, 543 B.R. 484, 490 (Bankr. S.D.N.Y. 2016). *See also In re C-TC 9th Avenue Partnership*, 113 F.3d 1304, 1311 (2d Cir. 1997) (examples of cause set forth in 11 U.S.C. § 1112(b) are illustrative and not exclusive).

#### 1. The Debtor's Failure to Appear for Three Chapter 7 Section 341(a) Meetings Constitutes Cause to Dismiss the Current Case under 11 U.S.C. § 707(a).

A debtor's failure to attend one or more Section 341(a) meetings constitutes cause under Section 707(a) because without examination of the debtor, the trustee cannot administer the bankruptcy estate. *In re Peklo,* 201 B.R. 331, 334 (Bankr. D. Conn. 1996). *See also In re Ventura,* 375 B.R. 103, 109 (Bankr. E.D.N.Y. 2007) (court dismissed case for cause under Section 707(a) because of the trustee's inability administer the estate where debtor did not appear for examination at his Section 341(a) meeting) and *Dinova v. Harris (In re Dinova)*, 212 B.R. 437, 444 (B.A.P. 2d Cir. 1997) (a debtor's unexcused failure to attend his or her Section 341(a) meeting constitutes cause under Section 707(a)).(court dismissed case for cause under In addition, a debtor's failure to appear at his or her Section 341(a) meeting is mandated by court

7

order, and "[i]f the debtor fails to appear . . . as ordered, the estate and its creditors will be hindered and the bankruptcy process will be frustrated. Hence a debtor' failure to attend a § 341(a) meeting without justification amounts to a failure to abide by an order of the court." *In re Pappalardo*, 109 B.R. 622, 625 (Bankr. S.D.N.Y. 1990).

Here, the Debtor failed to attend chapter 7 Section 341(a) meetings held on August 19, 2016, September 22, 2016, and October 13, 2016. The Court should, therefore, dismiss the Current Case for cause on this basis.

### 2. The Debtor filed the Current Case, as Well as the Prior Cases, in Bad Faith.

The Court may dismiss a chapter 7 case for cause under Section 707(a) upon a finding of "bad faith." *In re Aiello*, 428 B.R. 296, 302 (Bankr. E.D.N.Y. 2010). In addition to looking to the debtor's conduct in the pending case, "bankruptcy courts routinely treat dismissal for prepetition bad-faith conduct as implicitly authorized by the words 'for cause'". *In re Lombardo*, 370 B.R. 506, 511 (Bankr. E.D.N.Y. 2007) (quoting *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 373-374 (2007)).

Courts have considered the following factors in determining whether the debtor filed a chapter 7 case in bad faith:

    a.    The debtor's manipulations having the effect of frustrating one particular creditor;
    b.    The absence of an attempt to pay creditors;
    c.    The debtor's failure to make significant lifestyle changes;
    d.    The debtor has substantial resources to pay a substantial portion of debts;
    e.    The debtor inflates expenses to disguise financial well-being;
    f.    The unfairness of the use of chapter 7;
    g.    The debtor is over-utilizing protections of the Bankruptcy Code to the conscious detriment of creditors;
    h.    The debtor failed to make candid and full disclosure; and

> i. There are multiple bankruptcy filings or other procedural "gymnastics."

*Lombardo,* 370 B.R. at 512 (citations omitted). Courts have found bad faith for failure to make candid and full disclosure where, among other things, debtors fail to provide accurate information in their Schedules and Statement of Financial Affairs and to attend their Section 341(a) meeting. *In re Wen Hua Xu*, 386 B.R. 451, 453 n.1 (Bankr. S.D.N.Y. 2008). Other factors include serial filings, which are a "badge of bad faith," and filing a case to prevent a foreclosure without the ability or intent to reorganize. *In re Felberman*, 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995) (citations and internal quotation marks omitted). The Court may infer intent to hinder and delay creditors from the serial filings alone. *In re Procel*, 467 B.R. 297, 308-309 (S.D.N.Y. 2012). *See also In re Gel*, *LLC*, 495 B.R. 240, 249 (Bankr. E.D.N.Y. 2012) (the Court may infer intent to hinder, delay or defraud creditors from the fact of serial filings alone. A finding of a combination of factors will generally be sufficient to support a finding of cause on grounds of bad faith. *Lombardo*, 370 B.R. at 512.

Five of the factors are relevant here: (1) the Debtor has filed multiple cases in a short time; (2) the Debtor filed the cases in the face of a pending foreclosure sale with no intent to reorganize; (3) the Debtor has failed to make candid and full disclosure; (4) the Debtor has substantial resources to pay his debts; and (5) the Debtor has made no attempt to pay creditors.

As to the first factor, in 22 months, the Debtor filed 4 chapter 13 cases, including the Current Case, and none of them lasted more than 2 months in chapter 13. The Debtor filed the June 2014 Case on June 11, 2014 and moved to dismiss the June 2014 case on July 15, 2014, barely a month after the filing date. Exhibit 7. Likewise, he filed the March 2015 Case on March 6, 2015. nine months after he filed the June 2014 Case and moved to dismiss the March 2015 Case on April 15, 2015, remaining in chapter 13 just over month. Exhibit 9. Eight months

later, the Debtor filed the November 2015 Case on November 20, 2015 and filed a motion to dismiss two months later on January 14, 2016. Exhibit 16. Five months later, on April 11, 2016, the Debtor filed the Current Case. Exhibit 1. Keeping to a similar pattern, the Debtor filed a motion to dismiss on June 21, 2016. ECF Doc. No. 28. However, the Court held a hearing on the chapter 13 trustee's motion to dismiss, rather than grant the Debtor's motion, and entered an order converting the case to chapter 7 on July 15, 2016. ECF Doc. No. 34. The serial filings, in and of themselves, indicate that that the Debtor filed the Current Case in bad faith.

It appears that the Debtor filed all 4 cases to hinder and delay Citizens' foreclosure sale of the Property with no intent to reorganize. The Debtor filed the June 2014 Case only a few months after the entry of a foreclosure judgment against the Property in Citizen's foreclosure action, and the June 2014 Cases, as well as later serial filings, had stayed the foreclosure sale. Relief from Stay Motion, ¶¶ 9-11. The fact that the Debtor dismissed or attempted to dismiss all four cases within a month or two after he filed the petitions shows that he has never had any intent to reorganize. The serial filings themselves and the Debtor's lack of intent to reorganize give rise to the inference that the Debtor filed all 4 cases, including the Current Case, to hinder and delay Citizen's foreclosure sale of the Property.

The Debtor has failed to make candid and full disclosures in the Current Case, as well as in the Prior Cases. There are numerous instances of discrepancies and omissions in the Debtor's Schedules and Statement of Financial Affairs in the Current Case and the Prior Cases. For example, in the Current Case, the Debtor claimed to have $3,333.33 per month in income from rental property or operating a business. Exhibit 6. However, he does not list any business entities on Schedule B and in his Statement of Financial Affairs, he states that he had no income from operating a business prior to filing and that he does not own a business. Exhibits 2 and 5.

The information is inconsistent with disclosures in the March 2015 Case and the November 2015 Case that the Debtor owns 100 percent of the stock in JWS Info. Corp. Exhibits 10 and 16. Moreover, even though Citizens has a foreclosure judgment as to the Property, the Debtor affirmatively stated under penalty of perjury in his Statement of Financial Affairs in the Current Case, that he was not a party to any lawsuits and that none of his property was foreclosed in the year prior to filing. Exhibit 5. The Debtor also characterized his debt to the IRS differently in each case. In the Current Case, the IRS has a lien on the Property as well as priority and general unsecured claims. Exhibit 3. In the June 2014 Case, the Debtor scheduled the IRS as a general unsecured creditor. Exhibit 8. In the March 2015 Case, the Debtor disclosed an IRS tax lien on the Property. Exhibit 13. In the November 2015 Case, the Debtor characterized the IRS as having priority and general unsecured claims, but no liens on the Property. Exhibit 15.

As to the fourth factor, the Debtor has substantial resources that he could use to repay his debts. He is a doctor and has had the same job for eleven years. Exhibit 6. His gross monthly salary is more than $14,500.00 and his take-home pay is in excess of $10,500.00. *Id*. After deducting expenses as set forth in Schedule J, the Debtor has monthly net income of $3,247.00, which he could have used to make payments to creditors through a chapter 13 plan. *Id*.

Finally, it appears that the Debtor has failed to pay creditors. He has not make adequate protection payments to Citizens. Relief from Stay Motion, ¶ 27. Even though the Debtor claimed that he would negotiate settlements with the IRS and Citizens during the Current Case, Exhibit 4, there is no evidence that he has made any effort to settle.

All of these factors show that the Debtor filed the Current Case and the Prior Cases in bad faith. The Court should, therefore, dismiss the Current Case on this basis.

**B. The Court Should Dismiss the Current Case with Prejudice to Filing Any Bankruptcy Cases under Any Chapter for One Year under 11 U.S.C. §§ 105(a) and 349(a).**

Under 11 U.S.C. § 105(a), "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title . . . ." 11 U.S.C. § 105(a). Title 11 U.S.C. § 349 provides in part:

> (a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a).

Sections 105(a) and 349(a) empower the Court to dismiss a case "with prejudice," that is, to sanction bad faith serial filers by prohibiting further bankruptcy filings" for an appropriate period of time." *In re Casse*, 198 F.3d 327, 336-337 (2d Cir. 1999). While some courts have held that bankruptcy courts may only dismiss cases with prejudice for 180 days, the Second Circuit held that the bankruptcy court has the power "to prohibit a serial filer from filing petitions for periods of time exceeding 180 days." *Id*. at 349. The duration of the bar to refiling is within the discretion of the Court. *Id*. at 338 (citations omitted). In *In re Wheeler*, 511 B.R. 240, 252-253 (Bankr. N.D.N.Y. 2014), for example, the Court found that the debtor filed her chapter 13 case in bad faith and dismissed the case with prejudice for two years. *In Casse*, 198 F.3d at 341, the Second Circuit affirmed the Bankruptcy Court's order dismissing the debtor's case with a bar to any future filings based on the debtor's bad faith serial filings and vexatious litigation.

Here, as set forth in Section III.A.2, *supra*, the Debtor filed the cases in bad faith, and as a sanction, the Court should dismiss the Debtor's case with prejudice to filing bankruptcy under any chapter for one year. None of the Cases lasted more than two months in chapter 13 and the Debtor did not attend any chapter 13 or chapter 7 Section 341(a) meetings. The Debtor's Schedules and Statements of Financial Affairs contain discrepancies that call into question whether the Debtor made full and candid disclosures in any of the cases. There is no evidence that the Debtor ever intended to reorganize and the sole purpose of the cases was to delay the foreclosure sale of the Property pursuant to a foreclosure judgment entered in January 2014.

## IV. CONCLUSION

Based on the foregoing, the United States requests that the Court grant the Motion and other relief as is just.

Dated:  Poughkeepsie, New York  
       October 19, 2016.

WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE, REGION 2

By: */s/ Alicia M. Leonhard*  
    Alicia M. Leonhard  
    Trial Attorney  
    74 Chapel Street, Room 200  
    Albany, New York 12207  
    Telephone: 202.495.9929 (Direct)  
                     845.452.1696 (Voicemail)  
    Facsimile:  518.434.4459  
    Email: Alicia.M.Leonhard@usdoj.gov